[Criminal No. 915. Filed February 24, 1942.]

[122 Pac. (2d) 416.]

THE STATE OF ARIZONA, Appellee, v. ED WOOD, Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Appellee.

Mr. E. Elmo Bollinger, for Appellant.

LOCKWOOD, C. J.—Ed Wood, defendant, was accused by the county attorney of Mohave County of the crime of rape, committed by force and violence upon the person of one X. Both defendant and X agree that at the time and place stated in the information they did have sexual intercourse, the only material issue in dispute being whether it was with or without the consent of X. She testified definitely and specifically to the completed act and that it was committed against her resistance by force and violence on the part of defendant. The latter, and one Williams who was an eye-witness to the intercourse, testified that she fully and freely consented to the act.

On the cross-examination of X she was asked by defendant's counsel as to whether she had previously,

and within approximately a year's time, engaged in acts of illicit sexual intercourse with other men, specifying them. Objection was made to any questions of this nature, and all the objections were sustained by the court. Defendant offered then, on his own case in chief, to show many previous specific immoral and unchaste acts on the part of X. This evidence was also objected to and the objection sustained.

The first and the principal question upon the appeal is whether evidence of this nature is permissible in a case charging rape by force and violence. There is a wide divergence between the authorities upon this point. In perhaps the greater number of cases it is held that while the general reputation for chastity of a complaining witness may be shown, both as attacking the truth of her testimony and the question of whether she has consented to the intercourse, specific acts of unchastity are held to be inadmissible. The reason generally given in cases where the one class of evidence is admitted and the other is refused, is that the witness will be prepared to meet attacks on her general reputation, while she may be taken by surprise and not able to defend herself against specific charges.

The earlier cases are discussed and analyzed in *People* v. *Abbot,* 19 Wend. (N. Y.), 192, and therein the court held, after considering the reasoning *pro* and *con,* that when the issue is one of consent, evidence of specific instances of unchastity is admissible, but where the issue is one of truth and veracity, it is not.

The question has arisen frequently in California, and in *People* v. *Johnson,* 106 Cal. 289, 39 Pac. 622, 623, the supreme court of that state said:

" . . . This class of evidence is admissible for the purpose of tending to show the nonprobability of resistance upon the part of the prosecutrix; for it is certainly more probable that a woman who has done these things voluntarily in the past would be much more likely to consent than one whose past reputation was without blemish, and whose personal conduct could not truthfully be assailed. . . . "

Later, in *People* v. *Pantages,* 212 Cal. 237, 297 Pac. 890, 901, the following language was used:

"The authorities in this state appear to fairly establish the rule that on a charge of rape of a female person under the age of eighteen years, where the act is alleged to have been accomplished with the consent of the victim of the assault, evidence of previous acts of unchastity is inadmissible for the sole purpose of attacking her character. [Citing cases]. But equally well established is the principle that where the defendant is charged with the crime of rape alleged to have been committed on the person of a woman over the age of eighteen years, accomplished by means of force or violence, it is error to exclude evidence which tends to show prior unchaste acts of the prosecutrix either with the defendant or with other men. [Citing cases]. The distinguishing principle between the two lines of authorities is that, as to a minor female child under the age of eighteen years, she is legally incapable of giving her consent to the act; while as to a woman over the age of eighteen years no such legal restriction obtains; and as to the latter, the evidence is admissible, not for the direct purpose of impeaching her character, but for the purpose of discrediting her testimony relating to the use of force or violence by the defendant in accomplishing his purpose. . . . "

The question has never been specifically decided in this state, but in *Sage* v. *State,* 22 Ariz. 151, 195 Pac. 533, 536, defendant was denied permission to cross-examine the prosecuting witness relative to former acts of unchastity, and we said:

" . . . we are convinced that the objection of counsel for the state, to the testimony sought to be elicited, was properly sustained. Under the statutes of this state it is rape to carnally know a female under the age of 18 years either with, or without, her consent, and no evidence of specific acts of similar unchaste conduct with men other than the accused, or that she formerly lived in a house of prostitution, is admissible to show consent or as bearing upon the credibility of her testimony. . . . "

and quoted approvingly from *People* v. *Johnson,* *supra,* the language above set forth. While this case did not specifically hold that evidence of the nature referred to would be admissible· in cases of forcible rape of females over the age of consent, the reasonable inference from the language used is that it would be.

In the case of *Fuller* v. *State,* 23 Ariz. 489, 205 Pac. 324, 326, we referred to the ruling in the Sage case, *supra,* and stated:

" . . . There can be no question about the propriety of the rule where the facts in issue call for or require its application."

We are of the opinion that the California rule best conforms to logic and the common experience of mankind. If consent be a defense to the charge, then certainly any evidence which reasonably tends to show consent is relevant and material, and common experience teaches us that the woman who has once departed from the paths of virtue is far more apt to consent to another lapse than is the one who has never stepped aside from that path.

It is true that it is possible sometimes a prosecuting witness may find it difficult to disprove specific charges of previous unchastity because she is taken by surprise at the trial, but upon weighing the danger of that situation arising as against the pos-

sibility of the conviction of an innocent defendant, we think that on the whole justice is more apt to be done by the admission than the rejection of the evidence, and such acts may be brought out either upon cross-examination of the prosecutrix or by other testimony. Section 21–922 and 44–1811, Arizona Code 1939.

■ That error of this kind must be deemed prejudicial is obvious, for it might well have determined the jury as to whether it should believe the story of the defendant or that of the prosecutrix on the question of consent.

There are other assignments of error appearing in the record, but it is not likely that the situation from which they arose will recur at a new trial of the case.

The judgment is reversed and the case remanded with instructions to grant a new trial.

McALISTER and ROSS, JJ., concur.