198 P.2d 115

**STATE v. MARTINEZ et al.**

No. 985.

Supreme Court of Arizona.

Oct. 4, 1948.

Albert M. Garcia and James H. Garcia, both of Phœnix, for appellants.

Evo De Concini, Atty. Gen., and Edward Jacobson, Asst. Atty. Gen., for appellee.

STANFORD, Chief Justice.

In four counts set forth in an information filed by the county attorney of Maricopa County each of the defendants (appellants) were charged in count I with the crime of forcible rape of prosecutrix Mary Villalobos; count II with robbery of one Nicholas Trujillo; count III for forcible rape of prosecutrix Betty Martinez; count IV for aggravated assault upon aforesaid prosecutrix Mary Villalobos. After pleas of not guilty to each count were entered, trial was had and all four defendants were found guilty by the jury of rape on count I and simple assault (an included offense) under count IV. Sentence was imposed by the trial court on each of the defendants to serve a term of not less than seven nor more than ten years in the Arizona State Prison on count I, and to time served in county jail (85 days) on count IV.

· From the aforesaid judgment and sen-, tence appeal has been brought to this court.

·The facts of the case are that about 9 p. m., on the evening of June 27, 1947, defendants (one of whom was under 18 years of age and two were under 21 years of age) approached one Frances Almeda while she was walking west on Lincoln Street in Phœnix, being a street south of the railroad tracks. She was asked where she was going and when she ignored the question the defendants grabbed her, took her money, beat her, and started dragging her in the direction of what is known as "Lincoln School grounds" in said city, but observing a couple walking near the scene the defendants fled. On the same evening prosecutrix Mary Villalobos was returning from work when one of the defendants approached her and told her that her husband was at the Lincoln School grounds with another woman. Upon her denial of the statement one of the defendants struck her with his fist, and the four defendants dragged her to the Lincoln School grounds. She was given a severe beating and lost consciousness. She was found in an unconscious condition and completely naked by two officers who came upon the scene shortly thereafter. All four defendants, as well as Betty Martinez and her escort Nicholas Trujillo, were present when the officers arrived. This couple had been brought previously to the school .ground by the defendants, one of whom was in the act of sexual intercourse with prosecutrix Betty Martinez when the officers appeared. Her escort Nicholas Trujillo

claimed that he had been robbed by defendants by putting him in fear of his life.

Further facts will be disclosed as our opinion continues.

Defendants offer as their four assignments of error, the following:

"1. The court erred in allowing the witness Frances Almeda to testify over appellants' objection relative to an attempt by appellants to ,rape and/or rob the said witness Almeda.

"2. The court erred in denying appellants' offer to introduce defendants' exhibits 2, 3, 4, 5, 6, & 7 marked for identification, in evidence, which were records of the Phœnix City Police Department consisting of booking slips, to show specific acts of unchastity inasmuch as they referred to the prosecutrix, Maria Villalobos.

"3. The court erred in examining and adjudging the witness, William Walker, guilty of contempt before he gave his testimony for the defendants.

"4. The court erred in overruling appellants' motion in arrest of judgment for the reason therein stated that the verdict of the jury was so uncertain that it does not appear therefrom that the jurors intended to convict the defendants of an offense of which they could be convicted under the information."

With respect to assignment number one, objection is made to the ruling of the trial court admitting the testimony of witness Frances Almeda because it showed the commission by the accused of a crime entirely distinct and independent from that charged in the case at bar. The well-established principle of law to the effect that evidence of the commission by accused of other offenses entirely distinct and independent of that for which he is on trial is neither relevant nor admissible is the accepted rule in this jurisdiction. Dorsey v. State, 25 Ariz. 139, 213 P. 1011; Taylor v. State, 55 Ariz. 13, 97 P.2d 543. Equally recognized in this state is the best known exception to this rule, to wit, that where the evidence of similar offenses tends to show a system, plan or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other, such evidence then becomes both relevant and admissible. Cummings v. State, 20 Ariz. 176, 178 P. 776; Vigil v. State, 33 Ariz. 51, 262 P. 14; Taylor v. State, supra; State v. Pierce, 59 Ariz. 411, 129 P.2d 916; State v. Byrd, 62 Ariz. 24, 152 P.2d 669. See also II Wigmore on Evidence (Third Edition) Sec. 304. This court, in the case of Taylor v. State, supra [55 Ariz. 13, 97 P.2d 545], applied this exception to cases of this character in these words:

" * * *, for in the case of rape, either statutory or forcible, evidence of similar offenses which shows that in the commission of the offense the accused used a system or plan, tends just as much to establish the act charged, as does the evi-

dence of similar acts in the case of any other crime."

We think, that in the case at bar the facts eminently justify the use of the well-reasoned exception to the general rule of inadmissibility. The assault and attempt to rape the witness Frances Almeda had more than mere similarity to the offenses charged to justify its admission in evidence. Occurring as it did on the same night, involving the same attackers, in the same immediate locale, in much the same manner and but a few hours prior to the offenses with which these appellants are charged, it more than suggests a plan on the part of the appellants to engage in a drunken evening of robbery and rape.

The appellants next assign as error the refusal of the trial court to admit in evidence six "booking slips" taken from the files of the Police Department of the City of Phœnix. Most of the slips had reference to prosecutrix Betty Martinez whom the appellants were acquitted of raping, but one covered the arrest of prosecutrix Mary Villalobos and it is the contention of the appellants that these "booking slips" were admissible as showing specific acts of unchastity on the part of these two women.

The law with·reference to the admissibility of evidence of prior specific acts of unchastity of the prosecutrix in non-statutory rape cases is clearly stated in the case of State v. Wood, 59 Ariz. 48, 122 P. 2d 416, 417, 140 A.L.R. 361:

"* * * But equally well established is the principle that where the defendant is charged with the crime of rape alleged to have been committed on the person of a woman · over the age of eighteen years, accomplished by means of force or violence, it is error to exclude evidence which tends. to show prior unchaste acts of the prosecutrix either with the defendant or with other men. * * *"

The trial court properly gave the defendants full opportunity to examine the police officers and others both as to specific acts of unchastity of the two prosecutrixes as well as to their general reputation for unchastity. Some very damaging testimony along these lines was given which probably accounted for the acquittal of the charge of raping Betty Martinez contained under count III. However we think that the court very properly refused to admit in evidence the "booking slips" from the police department. A mere reading of the comments on defendants' exhibit No. 2 for identification, which is typical of the exhibits offered, "This woman was drunk on the street. She told Officer Norris that she had stayed with five men this afternoon. She was in company with a known prostitute Josephine Bustomonte," shows its inadmissibility. It is the rankest kind of hearsay, a mere informal memoranda of possible acts and not proof of acts. See 22 C. J. Evidence, §§ 168, 174, pages 207, 214, 31 C. J. S. Evidence, §§ 194, 200.

At the beginning of the trial the rule was invoked calling for the exclusion of witnesses from the courtroom. When defense witness William Walker was called to testify as to a minor point it developed that he had not abided by the court's instruction in that respect, as he had subsequently been in the courtroom and had heard a small part of the evidence. Whereupon, in the presence of the jury, the court calmly and without any comment or reprimand adjudged him guilty of a direct contempt of court and sentenced him to serve two days in the county jail. The witness then was allowed to continue with his testimony. This disciplinary action on the part of the court is assigned as error, which appellants contend deprived them of a fair trial. Undoubtedly the witness was in contempt and the Court had the right to punish him in the manner that it did, though we submit that it would have been much the safer practice to have handled the contempt matter out of the presence of the jury. As the examination of this witness was permitted to continue the appellants were not deprived of any of his testimony. We hold it to be the rule that to warrant a reversal because of the conduct of the trial judge in rebuking or punishing a witness during the trial in the presence of the jury, it must appear that the conduct, measured by the facts of the case presented together with the result of the trial, was prejudicial to the rights of the party. Annotation 42 L.R.A.,N.S., 428. In the case of Grissett v. State, 20 Ala.

App. 601, 104 So. 845, certiorari denied. Ex parte Grissett, 213 Ala. 332, 104 So. 846, it was said:

"It is here insisted that reversible error was committed by the court in ordering the sheriff to take charge of a defendant's witness (then testifying) who was in contempt of court. No exception was reserved to this on the trial, and if there had been, we would hold that, in matters of this character, *trial courts are vested with a wide discretion, not to be interfered with, except in cases of clear abuse of power."* (Emphasis supplied.)

We also quote from the case of State v. Parks, 25 N.M. 395, 183 P. 433, 435, wherein the court stated:

" * * * It is improper for the court, during the progress of the trial, to make any unnecessary comments, or to take any unnecessary action, which might tend to prejudice the rights of either of the parties litigant; but, when it becomes unavoidable during the progress of the trial, the court has the right to impose a fine upon any person connected therewith, even though it be in the presence of the jury, and such action cannot of itself cause a mistrial, merely because the occurrence might have some influence on the minds of the jury. * * * "

See in this respect Boyd v. State, 106 Tex.Cr.R. 492, 292 S.W. 1112. The rule is settled in this jurisdiction that prejudice will not be presumed, but must appear

probable from the record. Lawrence v. State, 29 Ariz. 247, 240 P. 863; Sam v. State, 33 Ariz. 383, 265 P. 609. There is slight, if any, probability appellants were in any way prejudiced by the action taken by the court.

The last assignment charges error on the part of the court in denying appellants' motions for a new trial and in arrest of judgment upon the theory that the two verdicts of guilty are so contradictory and inconsistent that it must have been a compromise verdict and hence presents grounds for a new trial. Specifically the appellants claim this inconsistency exists in the fact that the jury found them guilty of rape by force and violence upon Mary Villalobos on count I, and simple assault upon the same person under count IV. It is their contention that if a man is indeed guilty of rape by force or violence, he must be guilty of *aggravated* and not *simple* assault. This contention is not supported by any citation of authority.

▮ While the offenses are alleged to have occurred on the self same evening it does not necessarily follow that they arise out of the same act. From the evidence it appears that the prosecutrix was assaulted and mistreated before any efforts were made to have actual sexual intercourse with her.

"The same act or group of acts may constitute two or more distinct offenses, different in kind as well as in degree. Under such circumtances the state may elect to prosecute for either offense, or where separate and distinct offenses are committed the offender may be indicted for each separately." 16 C.J. Criminal Law, Sec. 9, p. 58; see also 22 C.J.S., Criminal Law, § 9.

See also Sec. 44-725a, A.C.A.1939, adopted July 9, 1941. On page 1096 of 23 C.J.S., Criminal Law, § 1403, is found the precise rule of law applicable, we think, to the facts of this case in regard to this assignment of error:

"* * * Where accused is convicted on two counts relating to the same act, transaction, or event, the test is, could he be guilty of both."

See People v. Hickman, 31 Cal.App.2d 4, 87 P.2d 80. Applying the rule to this case it is clear that the verdicts in question are not basically or necessarily conflicting or contradictory, for the evidence before us affords ample proof upon which both verdicts may be supported.

▮ As originally drawn the information under count IV alleged an aggravated assault "* * * committed by an adult male upon the person of a female * * *." Sec. 43-603, A.C.A.1939. During the course of the trial the court granted the motion of the county attorney to strike that portion of the charge from the information. However a complete felony charge of aggravated assault "* * * when a serious bodily injury is inflicted upon the person assaulted; * * *."

**396**

(Sec. 43-603, supra) remained. Under our holding in the case of Uren v. State, *27 Ariz.* 491, 232 P. 398, 399,

"* * * *an adult male person* is incapable of committing a simple assault or a simple battery *upon the person of a female.* Any assault or any battery, however slight, is under this statute (subdivision first quoted above) an aggravated one." (Emphasis supplied.)

But where as here (after the amendment had been made) the appellants were still charged with a felonious assault, to wit, "serious bodily injury," therefore the misdemeanor charge of simple assault became an included offense. When the case was first given the jury no verdicts on simple assault were submitted to them. After some deliberation the jury returned for further instructions, particularly they requested the court to define for them the phrase "serious bodily injury" which request was complied with, counsel stipulating as to the instruction given. Then the foreman, referring to count IV, asked "is it within our province to either reduce that charge or do we have to find them guilty of the charge made or not?" Whereupon the court, without any objection being made by counsel for the appellants, instructed them as to the offense of simple assault and submitted eight more forms of verdict to them (guilty and not guilty of simple assault as to each defendant).

The rule governing such a situation is stated in Uren v. State, supra:

"While, under the pleadings and proof in this case, an instruction upon simple assault and simple battery as included offenses would have been proper, yet in the absence of a request by defendant to so charge, no duty devolved upon the court to do so. In fact, the defendant may take the position, as is often the case, that he is entitled to be acquitted unless he is found by the jury to be guilty of the highest degree of the crime charged, believing the evidence insufficient to convict him of the highest degree of such crime, but sufficient to warrant a conviction upon an included offense, or that a submission of the included offenses would result in a compromise verdict of conviction upon one of such included offenses."

The appellants having failed to make timely objection to the submission of the verdicts as to simple assault can not now be heard to complain because the jury has convicted them of this lesser included offense.

Furthermore, except for the stigma of the misdemeanor conviction, the judgment as to count IV now presents a moot question as the sentence thereunder was fully served at the time judgment was pronounced.

We find no reversible error in the record and the evidence submitted sufficiently supports the convictions. The appellants were in every respect accorded a fair trial.

Judgment affirmed.

LaPRADE and UDALL, JJ., concur.