229 P.2d 246

## STATE v. THOMAS.

### No. 1005.

Supreme Court of Arizona.

April 2, 1951.

Walter M. Stevenson, Tucson, for appellant.

Fred O. Wilson, Atty. Gen., Chas. Rogers and Maurice Barth, Asst. Atty. Gen., for appellee.

424

FAULKNER, Superior Court Judge.

The appellant, who will be referred to herein as the defendant, was tried, convicted and sentenced on a charge of burglary of the first degree. The information charged defendant with commission of that crime by breaking and entering a private dwelling in the city of Tucson, in the nighttime.

Shortly after defendant's arrest, he was interviewed at the county jail on two different occasions, by City Detective James C. Herron, who had served twenty years on the Tucson police force. On direct examination by Mr. O'Mara, deputy county attorney, Herron gave the details of his second conversation with defendant, and, over strenuous objections by counsel for defendant, was permitted to testify as follows:

"Q. Now what further conversation with reference to this incident did you have with the defendant, if any? A. I had conducted an investigation after I had interviewed him and went to him again on the 29th, at the county jail.

"Q. What time was that? A. In the afternoon, sometime around five o'clock.

"Q. What conversation did you have at that time? A. I asked Mr. Thomas at that time, advised him he hadn't told me the truth; had learned that he wasn't married and that he had come to Tucson a week prior to the time of the burglary, since he had been released from Huntsville.

"Mr. Stevenson: Now, your Honor, I object to this. They are impeaching this witness when he hasn't been on the witness stand.

"Mr. O'Mara: If your Honor please, he is entitled to testify to what conversation he had with defendant.

"Mr. Stevenson: Evidence of other crimes is not admissible except for impeachment purposes.

"Mr. O'Mara: I am not trying to impeach this defendant except the conversation he had.

"Mr. Stevenson: He said he had learned he got out of Hunts—something. He hadn't said it.

"The Court: Objection overruled. He may relate the conversation.

"A. That I had learned he had been released from Huntsville, Texas, state penitentiary in October, 1949. It was impossible for him to be in Tucson for the past ten years. Admitted he lied on the first statement; admitted he went to Huntsville Penitentiary on two different occasions; that he became acquainted with this lady, Lorraine, whatever her name was, after he had been released from the Huntsville, Texas, Penitentiary; that they had come to Tucson; that he went to Huntsville on burglary charge and also the statement he gave me was he murdered his wife in Dallas, Texas, with a .38 caliber revolver. I then asked him if he had been involved in any other burglaries in Tucson,

and he said no, this is the only burglary he had attempted in Tucson."

■ Defendant's first assignment of error, and first proposition of law, are based upon the alleged erroneous admission of this testimony. This court made the following statement of the law in State v. Martinez, 67 Ariz. 389, 198 P.2d 115, 116: "* * * The well-established principle of law to the effect that evidence of the commission by accused of other offenses entirely distinct and independent of that for which he is on trial is neither relevant nor admissible is the accepted rule in this jurisdiction. Dorsey v. State, 25 Ariz. 139, 213 P. 1011; Taylor v. State, 55 Ariz. 13, 97 P.2d 543. * * *"

In Crowell v. State, 15 Ariz. 66, 136 P. 279, this court quoted with approval, the rule and the reasons therefor, as stated in Farris v. People, 129 Ill. 521, 21 N.E. 821, 822, 4 L.R.A. 582, 16 Am.St.Rep. 283, as follows: " 'The general rule that evidence of a distinct, substantive offense cannot be admitted in support of another offense is laid down by all the authorities. It is in fact but the reiteration of the still more general rule that in all cases, civil and criminal, the evidence must be confined to the point in issue; it being said, however, by authors on the criminal law, that in criminal cases the necessity is even stronger than in civil cases of strictly enforcing the rule; for, where a prisoner is charged with an offense, it is of the utmost importance to him that the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, and matters relating thereto, which alone he can be expected to come prepared to answer. * * *' "

■ It is true that there are certain well-established exceptions to this general rule. Such exceptions have been discussed and clearly stated by this court in the cases of Crowell v. State, supra, and Lawrence v. State, 29 Ariz. 247, 258, 240 P. 863. But the record in the case at bar furnishes no basis for the application of any of the recognized exceptions to the general rule. The admission of evidence as to other unrelated, independent offenses, was highly prejudicial to the defendant, and requires the reversal of the judgment of the lower court. This disposition of the case makes it unnecessary to consider defendant's second and third assignments of error as the situations suggested by such assignments are not likely to recur on a retrial of the case.

The judgment of the trial court is reversed, and the case is remanded for a new trial.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.

PHELPS, J., having announced his disqualification, the Honorable J. W. FAULK-

NER, Judge of the Superior Court of Mohave County was called to sit in his stead.