447 P.2d 863

**STATE of Arizona, Appellee,**

v.

**Alvin George WASHINGTON, a. k. a. Alvin Washington, Appellant.**

**No. 1863.**

Supreme Court of Arizona.
In Banc.
Dec. 5, 1968.

Darrell F. Smith, then Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee, State.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

UDALL, Vice Chief Justice.

This is an appeal from a conviction and judgment of forgery brought by an indigent defendant represented by the public defender. The appellant presents six questions for review which we feel may be readily discussed under three propositions.

First: Was the form of verdict submitted by the trial court adequate and proper? The verdict of the jury states: "We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths do find the Defendant GUILTY." It is the contention of the appellant that the statute charging forgery, A.R.S. § 13–421, has as one of its elements the "intent to defraud," and hence a general finding of guilt without an additional specific finding of "intent to defraud" is a nullity. Appellant cites Lambert v. State, 17 Ga.App. 348, 86 S.E. 782.

It is not necessary for us to look to the law of another state in this matter as appellant's contention is answered under both our Rules of Criminal Procedure[1], 17 A.R.S. and our former decisions. We thoroughly discussed this matter in State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520. Let it suffice to say now that unless the exceptions of Rules 287, 288 and 291 come into play, and they do not in the case at bar, a verdict is adequate and sufficient if it states the defendant is guilty or not guilty and no reference to the crime charged or the elements of the crime is necessary.

Second: The appellant contends that "when the prosecution introduced in evidence the fact that the defendant had been convicted of a petty misdemeanor of-

---

1. Rule 286. General verdict upon plea of guilty or not guilty

    A. The jurors shall in all cases render a general verdict except as provided in Rules 287, 288 and 291.

    B. A general verdict is one finding the defendant guilty or not guilty.

fense and his escape from the city jail, another misdemeanor, * * * the prosecution committed reversible error and created a situation highly prejudicial to the defendant."

The evidence complained of was given on cross-examination of a police officer, state's witness, by the defense attorney.[2] In addition to this fact it is to be noted that defendant made no objection to the testimony at the time it was given. He did not rely upon it immediately thereafter in his motion for directed verdict nor was it presented to the lower court on a motion for new trial. We have repeatedly held that matters which were not raised in the lower court will not be considered as grounds for reversal in this Court. State v. Armstrong, 103 Ariz. 174, 438 P.2d 411; State v. Taylor, 99 Ariz. 85, 407 P.2d 59, cert. denied 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689.

Third: The appellant contends that he was denied a fair and impartial trial by the introduction into evidence of testimony that he, the appellant, attempted to cash another check at another store earlier in the day. The earlier check was not introduced in evidence, nor was it shown in any conclusive manner to have been a forged instrument. In fact the testimony in regard to this check was vague and indefinite as to who its ostensible maker was, or its payee, or its amount. The witness was only positive as to his identification that the party who attempted to negotiate the instrument was the defendant, that the defendant "was sweating a lot," and that the check involved was a different one and for a different amount than the one directly the subject matter of this litigation. He also testified that the check was drawn on a law firm and looked "similar" to state's

2. "Q And at that time what exactly did you do to him when you placed him under arrest?
"A I placed him under arrest at the store on an escape warrant from the City of Phoenix stating that Mr. Washington was escapee from the city jail, and that he was out on such and such a bail, and that was it.
"Q You didn't arrest him for forgery?
"A Not at that time; no.
"Q If Mr. Washington had escaped from the city jail, presumably he had previously been convicted of some minor offense; is this correct, Officer Gilbert?
"A I wouldn't know what previously he was convicted of; all I know is that the warrant had been issued for his arrest.
"Q By the City Court; is that right?
"A City of Phoenix; yes.
"Q The warrant had been issued for his arrest for escape from the city jail?
"A It had.
    *    *    *    *    *
"Q You didn't question him about the check?
"A No, I did not.
    *    *    *    *    *
"Q What charge did you book him on, Officer Gilbert?
"A I brought him in under the authority of the escape warrant.
"Q The escape warrant?

"A The escape warrant, and also charged him with carrying a concealed weapon.
MR. RITCHIE [defense counsel]: "I have no further questions.
MR. HURLEY [County Attorney]: "No further questions."
    *    *    *    *    *
MR. HURLEY: "The State would arrest at this time, your Honor.
MR. RITCHIE: "May we approach the bench, your Honor?
THE COURT: "You may."
    (The following proceedings were had at the bench between Court and counsel, outside of the hearing of the jury.)
MR. RITCHIE: "At this time the defendant would move the Court to direct a verdict in favor of the defendant against the State on the grounds that the State has wholly failed to prove one of the essential elements of this crime; namely, that at the time of the commission of the alleged offense, that the check was in fact a stolen or forged check.
    "I see no competent evidence in the record at this time to connect the defendant with any such guilty knowledge. On that basis, I would ask the Court for a direct verdict."
THE COURT: "The motion will be denied."
    *    *    *    *    *

Exhibit No. 1, the check on which this action is based and which also was drawn on a law firm.

The above evidence was admitted over the defendant's objection on argument of counsel for the state that it tended to prove essential elements of the crime—intent to defraud, knowledge and common scheme and design. Subsequent to its admission defendant's motion for mistrial was overruled.

■ The well-established broad general rule of evidence is that the prosecution in a criminal case may not offer evidence of other unrelated criminal acts, State v. Thomas, 71 Ariz. 423, 229 P.2d 246; State v. Martinez, 67 Ariz. 389, 198 P.2d 115. See Udall on Evidence, § 115; McCormick on Evidence, § 157; 22A C.J.S. Criminal Law § 682. It is not competent to prove one crime by proving another, and to attempt to do so is to place a prejudice against the accused in the minds of the jury. There are many exceptions to this broad general rule, including those enumerated by the state when it obtained the admission of this questioned evidence. We do not find in the case at bar, however, that any of the exceptions are applicable.

■ As the state admits, the evidence adduced here was placed before the jury to infer a common scheme, to prove intent to defraud, and to show guilty knowledge. But the state failed to produce any evidence that the earlier check was a forged instrument. To infer that the first check was a forgery when in fact it may have been genuine, and from that inference draw the other inferences as to the subject check is to permit a conviction entirely on inference.

■ It seems to us fundamental that before the uttering, publishing, passing or attempting to pass other instruments is admissible in evidence such other instruments must be proven to be forgeries, the accused's connection therewith shown to be culpable, and their nonproduction accounted for, 22A C.J.S. Criminal Law § 691(12). People v. Whiteman, 114 Cal. 338, 46 P. 99; Owen

v. People, 118 Colo. 415, 195 P.2d 953; People v. Ross, 198 Cal.App.2d 723, 18 Cal. Rptr. 307.

The judgment is reversed. New trial ordered.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.