537 P.2d 970

**The STATE of Arizona, Appellee,**

v.

**Harold DODDS, Appellant.**

**No. 3005.**

Supreme Court of Arizona,
In Banc.

June 20, 1975.
Rehearing Denied Sept. 16, 1975.

G. Eugene Neil, Yavapai County Atty. by Richard A. Stewart, Deputy County Atty., Prescott, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from convictions and judgments of guilt to the crimes of robbery, A.R.S. §§ 13–641 and 643, as amended 1967, and attempted robbery, A.R.S. §§ 13–108, 110, 641 and 643, as amended 1967, and sentences of not less than five nor more than seven years imprisonment for robbery and not less than one nor more than two years for the attempted robbery.

We must answer the following questions on appeal:

1. Did the prosecution fail to comply with Rule 15 when oral statements of the accused and of a witness made to the police which were not written down were not given to the defense as part of discovery and were used in the State's case-in-chief?

2. Was it error for the judge to allow a witness to testify concerning prior bad acts of the accused?

3. Did the jury instruction defining robbery fail to omit an element of attempted robbery as expressed in A.R.S. § 13–108?

The facts necessary for a determination of this case are as follows. On the evening of 11 December 1973, George Faller, an employee of Organ Stop Pizza Parlor was compelled to give the contents of two cash registers to a person later identified as the defendant Dodds. Dodds approached Faller from the side, poked him

in the ribs several times and demanded all the money be put in a 31 Flavors Ice Cream sack. The robber's position next to Faller was such that Faller never got a good look at the robber or the weapon. However, several employees who observed the frightened expression on Faller's face and Faller's strange actions did note Dodds' appearance. Dodds ordered Faller to walk slightly ahead of him still carrying the bag of money until they were outside. When the nervous Faller passed the bag of money to Dodds he dropped and spilled the bag of bills and change to the ground. Faller ran to hide behind a car in the parking lot; he glanced back in time to see the robber pick up the money and run off.

On the evening of 30 December, 19 days after the 11 December robbery, the accused and a girl companion, Kathy, went to a drive-in theater located less than a block from the Organ Stop Pizza Parlor. Kathy testified that during the movie Dodds drank a quantity of beer and wine and made advances to her. Kathy stated Dodds told her he had a loaded gun but he did not show it to her.

Dodds told Kathy he was going to the Organ Stop Pizza Parlor across the street from the drive-in to use the men's room and buy a pizza for them to eat during the movie. Dodds entered the Organ Stop Pizza Parlor through the kitchen area and asked the dishwasher, Dover, for a bag because he felt sick to his stomach. Dover started to look for a bag and Dodds told Dover that he wanted money from the till. The man's right hand was concealed and Dover felt he might be armed. Dover jumped into a storeroom and Dodds started to leave by the employee's exit. Dover sprang at him and captured the would-be robber with a full nelson arm lock. Others assisted in the capture.

Dodds was tried for the 11 December robbery and 30 December attempted robbery. Employees and customers of the pizza parlor identified Dodds as the person who robbed Faller on 11 December. At the trial he took the stand and testified that he was not the one who robbed the pizza parlor on 11 December and that he was not attempting to rob the same place on 30 December. He was convicted, adjudged guilty, sentenced, and now appeals.

## DISCOVERY

After Dodds was arrested and his Miranda rights were read to him, he made some statements to the arresting officers which were mostly exculpatory in nature. He stated that he did not rob the pizza parlor on 11 December 1973 and that he had plenty of money in the bank and therefore did not need to rob a pizza parlor. Kathy testified that at the drive-in theater he stated he had a loaded gun. There is no question that the statements were voluntary and there was no request for a voluntariness hearing as to these statements.

Although the defendant's attorney was provided with the officer's summary of the defendant's statements, the prosecutor did not provide the defendant with the contents of the oral statements of the defendant or his companion. Defendant contends that by failing to provide this discovery prior to trial that it may not be admitted at trial by the State.

Our Rules of Criminal Procedure 1973 provide:

"Rule 15.1 *Disclosure by state*
"a. *Matters Relating to Guilt, Innocence or Punishment.* No later than 10 days after the arraignment in Superior Court, the prosecutor shall make available to the defendant for examination and reproduction the following material and information within his possession or control:

(1) The names and addresses of all persons whom the prosecutor will call as witnesses in the case-in-chief together with their relevant written or recorded statements;

(2) All statements of the defendant and of the person who will be tried with him;

\* \* \* \* \* \*

(6) A list of all prior acts of the defendant which the prosecutor will use to prove motive, intent, or knowledge or otherwise use at trial;"

"Rule 15.4 *General standards*

"In all discovery under this rule the following shall apply:

"a. *Statements.*

(1) *Definition.* Whenever it appears in Rule 15 the term 'statement' shall mean:

(i) A writing signed or otherwise adopted or approved by a person;

(ii) A mechanical, electrical or other recording of a person's oral communications or a transcript thereof; and

(iii) A writing containing a verbatim record or a summary of a person's oral communications."

■ The scope of Rule 15 is generally quite broad. It is the underlying purpose of the discovery rules in criminal proceedings to give full notification of each side's case-in-chief so as to avoid unnecessary delay and surprise at trial.

■ In the instant case the defendant's attorney had the officer's summary. Had he wished to pursue the matter further he could have exhausted his discovery remedies pursuant to Rule 15.3(a)(2) of the Rules of Criminal Procedure 1973, 17 A.R.S. He received all the rule requires absent other reasons for more complete disclosure by the State. We find no error.

## PRIOR BAD OR CRIMINAL ACTS

■ Appellant's counsel contends that Kathy's testimony that Dodds insisted on hugging her while they were watching the drive-in movie might have prejudiced the jury against Dodds. Appellant contends that the jury might consider advances to amount to a prior act of misconduct to defendant's prejudice. We disagree.

We do not feel that a forceful hug at a drive-in theater absent anything further

would be considered a prior bad act. Appellant has cited to us the cases of State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960) and State v. Thomas, 71 Ariz. 423, 229 P. 2d 246 (1951) in support of his position, but these cases are not on point. In Little, the prosecutor in a case for sale of narcotics attempted to show such another prior sale. Little, supra, 87 Ariz. at 305, 350 P. 2d 756. In Thomas, the prosecutor alluded to a period of time spent by the accused in the Huntsville Prison which would infer the existence of conviction of some prior crime. Thomas, supra, 71 Ariz. at 424, 229 P.2d 246. Both Thomas and Little involved references to convictions arising from prior criminal acts. We find no error.

## INSTRUCTIONS

Appellant contends that the instruction on attempted robbery did not correctly state all of the elements of that offense. A.R.S. § 13–108 defines an attempt to commit a crime as follows:

"An attempt to commit a crime is the performance of an act immediately and directly tending to the commission of the crime with the intent to commit such crime, the consummation of which fails on account of some intervening cause."

The trial court without objection instructed the jury as follows:

"Attempted robbery has two elements: one, there must be a specific intent to commit the crime of robbery; second, there must be some act done directly towards committing robbery which falls short of robbery."

The appellant argues that since the instruction did not include the element of an intervening cause in the definition of attempt, the instruction was erroneous. We have stated:

" * * * Errors or omissions in the giving of instructions which were not

raised at trial will not be considered unless the error is so fundamental that it is manifest the defendant did not receive a fair trial. * * *" State v. Coward, 108 Ariz. 270, 271, 496 P.2d 131, 132 (1972).

Even if we could find that the instructions contained a substantive misstatement of the law, a reading of the instructions as a whole does not indicate that the jury was misled and we find no error.

We have reviewed the record as required by A.R.S. § 13–1715; State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964); and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no fundamental error.

Judgment affirmed.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.