NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OSCAR TESSO ANGULO, *Appellant.*

No. 1 CA-CR 20-0009
FILED 1-19-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-119908-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1 Oscar Tesso Angulo appeals his conviction and sentence for one count of shoplifting with two or more predicate offenses. Angulo argues the superior court erred by admitting documentary evidence related to the predicate offenses. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 We view the facts in the light most favorable to sustaining the jury verdict and resolve all reasonable inferences against Angulo. *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007). In May 2019, Angulo entered a Walgreens donning a black hat and bright neon vest. A Walgreens employee, V.O., saw Angulo take an eighteen-pack of beer. V.O. asked Angulo if he wanted to pay for it and Angulo said no. V.O. called 911 and watched Angulo leave the store to walk across the street.

¶3 Officers responded to the area. Officer Hadlock approached Angulo who was holding a can of beer behind his back with a pack of beer next to him. Officer Hadlock also noticed "a bright colored neon vest" inside of a bag that was between Angulo's legs. Officer Hadlock detained Angulo. Shortly thereafter, V.O. identified Angulo as the beer thief.

¶4 Officer Hadlock checked Angulo's criminal history, which included two prior shoplifting convictions in July 2018 and November 2017. After receiving *Miranda* warnings, pursuant to *Miranda v. Arizona*, Angulo told Officer Hadlock that he shoplifted the beer because he "didn't have any money." 384 U.S. 436 (1966).

¶5 A grand jury indicted Angulo for shoplifting with two or more predicate offenses, a class 4 felony, in violation of A.R.S. § 13-1805(I). At a trial management conference, the prosecutor asked the superior court if the documents related to Angulo's predicate offenses should be sanitized. Angulo's defense counsel replied, "I don't know that we received prior misdemeanors, certified—copies of prior certified misdemeanors." The

prosecutor did not know if the documents had been disclosed but planned to follow up with her paralegal.

**¶6**       Just before jury selection, the State disclosed (via email) the certified copies of Angulo's predicate offenses, namely two shoplifting convictions from Phoenix Municipal Court. Angulo moved to preclude the documents from evidence due to delayed disclosure. The prosecutor "was 100 percent in belief [the documents] had been previously disclosed." She argued that Angulo suffered no prejudice from the late disclosure because the indictment cited each offense by date, citation number, and court. Thus, Angulo had sufficient notice that the State intended to rely on these as predicate offenses.

**¶7**       The superior court initially precluded the evidence because the documents addressed an element of the crime and the nature of the State's error did not excuse the disclosure deadlines. But the court noted that the documents could still be used to refresh a witness's recollection. Later, when the parties returned from a lunch recess, the superior court reversed its earlier evidentiary ruling and allowed the State to use the documents. The court reasoned that because the State described the relevant information in the indictment, "there was [no] unfair surprise" and Angulo suffered no prejudice. But the court acknowledged the last-minute disclosure was "unsettling."

**¶8**       After the State rested its case, Angulo moved for a judgment of acquittal, which the superior court denied. *See* Ariz. R. Crim. P. 20. Angulo did not present evidence or testify. The jury found Angulo guilty and the court sentenced him to seven years' imprisonment with 220 days of pre-incarceration credit. Angulo timely appeals and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 13-4031 and -4033(A).

## DISCUSSION

**¶9**       Angulo argues the superior court abused its discretion by allowing the State to admit the certified copies of Angulo's prior shoplifting convictions. Specifically, he argues the State failed to timely disclose the documents under Rule 15 of the Arizona Rules of Criminal Procedure, warranting preclusion of the evidence. Because Angulo objected to the documents' admissibility at trial, we conduct a harmless error analysis. *See* *State v. Henderson*, 210 Ariz. 561, 564–65, ¶ 8 (2005). We review the court's ruling on the admissibility of evidence for an abuse of discretion. *State v. Sanders*, 245 Ariz. 113, 128, ¶ 58 (2018).

**¶10**      The scope of Rule 15 is quite broad. *State v. Dodds*, 112 Ariz. 100, 102 (1975). Discovery rules in a criminal proceeding operate to give "full notification of each side's case-in-chief so as to avoid unnecessary delay and surprise at trial." *Id.* After providing its initial disclosure to Angulo, the State had a continuing duty to disclose any information subject to disclosure. *See* Ariz. R. Crim. P. 15.6(a). The prosecutor failed to timely disclose the documents before the final deadline. *See* Ariz. R. Crim. P. 15.6(c) (Rule 15 disclosures must be made at least seven days before trial). The prosecutor also failed to follow the procedures outlined in Rule 15(d), which requires a motion and supporting affidavit to justify extending the disclosure deadline. The parties disagree about whether the prosecutor's failure to provide Angulo with certified copies of his misdemeanor convictions amounts to a disclosure violation.

**¶11**      The court explicitly stated its concern about Angulo receiving the documents only two minutes before jury selection. Angulo correctly asserts that he should have received the documents months before trial. Assuming a disclosure violation indeed occurred, the court still did not err in denying Angulo's motion to preclude the evidence.

**¶12**      When the superior court learned of the late disclosure, it could have imposed any remedy or sanction it found just under the circumstances, including but not limited to precluding the evidence. *See* Ariz. R. Crim. P. 15.7(c); *see also State v. Armstrong*, 208 Ariz. 345, 353, ¶ 38 (2004). But the decision to impose sanctions (or not) falls squarely within the superior court's broad discretion. *See State v. Moody*, 208 Ariz. 424, 454 ¶ 114 (2004). We will find an abuse of discretion only if Angulo can demonstrate that the delayed disclosure prejudiced him. *See State v. Martinez-Villareal*, 145. Ariz. 441, 448 (1985). Prejudice exists when a party is subject to surprise or delay under the discovery rules. *Id.*

**¶13**      The superior court found that the late disclosure did not subject Angulo to any unfair surprise. We agree. The indictment provides detailed information for each misdemeanor shoplifting charge including date, citation number, and court. Thus, the State provided Angulo with sufficient notice of which prior convictions it would introduce to prove its case. Angulo also provides no evidence that the State's delay in transmitting the documents was anything but inadvertent. As such, we find the superior court did not abuse its discretion by admitting the documents as evidence.

**CONCLUSION**

¶14  We affirm Angulo's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA