NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GARRISON BILLIE, *Appellant.*

No. 1 CA-CR 20-0237
FILED 8-31-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-147167-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

¶1        Garrison Billie appeals his convictions and sentences for two counts of aggravated driving under the influence. Billie's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Billie filed a supplemental brief *in propria persona*. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Billie, *see State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        On May 20, 2017, at approximately 2:00 A.M., F.T. was exiting off of Loop 101 onto northbound I-17 when he encountered a pickup truck crashed against the exit ramp wall. F.T. watched the driver attempt to move the vehicle and crash into the other side of the ramp. When the driver exited the vehicle and began walking away, F.T. informed the driver that he should remain at the scene. The driver ignored F.T. and left the scene of the accident. F.T. called the police and provided a description of the driver. Shortly after, police apprehended a suspect matching the description and requested F.T. identify the suspect. F.T. identified Billie as the driver of the vehicle.

¶3        Billie was arrested after a horizontal gaze nystagmus test indicated evidence of intoxication. Pursuant to a search warrant, Billie's blood was drawn at 4:35 A.M. The blood draw revealed a blood alcohol concentration ("BAC") of .223%.

¶4        The State charged Billie with aggravated driving while under the influence of intoxicating liquor (impaired to the slightest degree) ("Count One") and aggravated driving while under the influence of

intoxicating liquor (BAC of 0.08% or more) ("Count Two"), both Class four felonies.

¶5         Billie moved unsuccessfully under Arizona Rule of Criminal Procedure 20 for a judgment of acquittal and the jury convicted Billie as charged. After an aggravation hearing, the jury found the State had proved beyond a reasonable doubt that Billie lied to the police to hinder their investigation, left the scene of the crime, and was previously convicted of a felony within ten years immediately preceding the offense.

¶6         The trial court found Billie had committed two prior non-dangerous felony offenses and sentenced him to slightly mitigated terms of nine years on each count, to be served concurrently. The court also gave Billie credit for 227 days of presentence incarceration. Billie timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.    Ineffective Assistance of Counsel

¶7         Billie contends that his right to counsel was denied because his counsel provided ineffective assistance. This court does not consider ineffective assistance of counsel claims on a direct appeal because the issue must be raised in a Rule 32 post-conviction relief proceeding. *State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4 (2002).

### II.    Pre-Trial Discovery and Prosecutorial Misconduct

¶8         Billie also contends the State failed to provide defense counsel with F.T.'s full name and address. Arizona Rule of Criminal Procedure 15.1(b)(1) requires that, as part of pretrial discovery, the State must provide defendant with the names and addresses of all persons the prosecutor intends to call as witnesses in the State's case-in-chief. The purpose of the rule is "to give full notification of each side's case-in-chief so as to avoid unnecessary delay and surprise at trial." *State v. Dodds*, 112 Ariz. 100, 102 (1975). While the record is not clear whether the State ever provided F.T.'s full name or address, Billie cannot claim surprise or prejudice as defense counsel interviewed F.T. prior to trial. Billie further contends the State prevented counsel from conducting a thorough interview of F.T. However, when defense counsel expressed a need for an additional interview with F.T., the court granted her request. On this record, Billie has shown no error nor any prejudice.

¶9 Lastly, Billie has failed to point to any meaningful evidence in support of his assertion of prosecutorial misconduct. Citation to a single comment made by the prosecutor during the direct examination of F.T. —that F.T.'s answers were "brief and succinct"—without a demonstration of how such comment "so infected the trial with unfairness as to make the resulting conviction a denial of due process," is insufficient to prevail on a claim for prosecutorial misconduct. *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Similarly, the comment did not address, let alone misstate, the reasonable-doubt standard of proof. *See State v. Murray*, 250 Ariz. 543, 553-54, ¶¶ 37, 40 (2021) (defendant's due process rights were violated, and his conviction overturned, where prosecutor misstated the reasonable-doubt standard).

*III.    Sufficiency of the Evidence*

¶10 Billie alleges the evidence was insufficient to sustain his convictions. "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (quoting *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996)).

¶11 A person is guilty of aggravated driving while under the influence of intoxicating liquor if the person drives or is in actual physical control of a vehicle while the person's privilege to drive is revoked and while the person is impaired to the slightest degree or has a BAC of .08% or more within two hours of driving or being in actual physical control of the vehicle. A.R.S. § 28-1383(A)(1).

¶12 The State presented sufficient evidence to support the jury's guilty verdict on both counts. The State introduced evidence that Billie was the driver of the vehicle, that he was aware his license was suspended at the time of the accident, that he was intoxicated, and that, based on a retrograde extrapolation, his BAC would have been above .08% within two hours following the accident. On this record, the jury reasonably concluded that Billie was guilty of both counts of aggravated driving under the influence.

*IV.    Fairness of the Proceedings*

¶13 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Billie was represented by counsel at all stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations

omitted). Billie was present for jury selection and trial but absconded during jury deliberations and was not present for delivery of the verdict, the aggravation phase, or the trial on priors. The trial court record of jury selection does not demonstrate the empanelment of any biased jurors.[1] The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Billie's presumption of innocence.

**¶14**  Billie was present and in custody for sentencing. *See* Ariz. R. Crim. P. 26.9. At sentencing, Billie was given an opportunity to speak, and the court stated on the record the evidence, materials, and factors it considered in imposing the sentences. Ariz. R. Crim. P. 26.10. Although Billie contests the admission of certain evidence presented by the State, the court did not err in admitting and considering the evidence. *See State v. Martinez*, 210 Ariz. 578, 585, ¶ 26 (2005) ("[O]nce a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.").

**¶15**  Additionally, while Billie is correct that the court mistakenly noted the existence of four prior felony convictions rather than three, Billie was not prejudiced by this error as he was appropriately sentenced as a category three repeat offender, *see* A.R.S. § 13-703(C), and received a slightly mitigated term of imprisonment within the statutory limits, *see* A.R.S. §§ 13-701 through -709 (as applicable).

**¶16**  Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

## CONCLUSION

**¶17**  We have reviewed the entire record for reversible error and find none; therefore, we affirm Billie's convictions and sentences.

**¶18**  Defense counsel's obligations pertaining to Billie's representation in this appeal have ended. Counsel need do no more than inform Billie of the outcome of this appeal and his future options, unless,

---

[1] The defense exercised a peremptory challenge as to juror seven. The state challenged the strike under *Batson v. Kentucky*, 476 U.S. 79 (1986) and the court, finding a non-racial reason for the peremptory challenge, struck juror seven. Billie does not allege the court erred in striking juror seven.

upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Billie has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.

