309 P.2d 796

STATE of Arizona, Appellee,

v.

Douglas CHEKMIZOFF, Appellant.

No. 1089.

Supreme Court of Arizona.

April 9, 1957.

---

Kramer, Roche & Perry, Phoenix, for appellant.

Robert Morrison, Atty. Gen., L. Alton Riggs, Sp. Asst. to the Atty. Gen., and William S. Andrews, Deputy County Atty., Maricopa County, for appellee.

WINDES, Justice.

Appellant, herein referred to as defendant, was tried, convicted and sentenced for the crime of negligent homicide under the provisions of section 66–155, 1952 Supp., A.C.A.1939 (now A.R.S.1956, section 28–691). The section in part reads as follows:

> "When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating the vehicle shall be guilty of negligent homicide."

The first ground of appeal is the refusal of the trial court to grant a directed verdict of acquittal based on the claim that the state failed to prove that the defendant unlawfully and wilfully operated a motor vehicle in reckless disregard for the safety of others.

We shall endeavor to fairly state the pertinent facts supported by evidence. Defendant was driving east on Osborn road in the city of Phoenix and between Third and Seventh streets where Osborn was a four-lane road passed on the left witness Nord who was in the left hand eastbound lane. The traffic signal was "red" at Seventh street where they both stopped, witness Nord in the right and defendant in the left eastbound lane. The road narrowed and the witness pulled out ahead of defendant, watching him in his rear view mirror. About 12th or 13th street defendant again passed the witness at a speed of 70 or 80 miles per hour. The speed limit was 35 miles per hour. The witness watched the defendant after he passed and saw him run a red light at 16th street. After passing 16th street the road was rough and bumpy. It had been raining. At approximately 18th street, two blocks beyond 16th street the defendant struck the abutment of a bridge, injuring defendant severely and causing the death of another occupant of the car. Between 16th and 18th there was a slight, hardly noticeable curve quite a way from the bridge. The driving portion of the road was 20 feet wide with a 6 or 7 foot dirt and gravel shoulder and the driving portion of the

bridge was 26 feet 11 inches wide. Witness Nord lost sight of defendant's tail-lights and did not witness the collision. The car hit the abutment almost center.

Witness Howard Barnard, a Phoenix police officer, was approaching the bridge from the east and approximately one block therefrom, he saw defendant's car approaching at a fairly high rate of speed, traveling off the highway for a considerable distance. He was on the east end of the bridge when defendant's car struck it. The witness dimmed his lights but the defendant did not. There was a two-foot square reflector sign in front of the abutment on defendant's side of the road but with bright lights one could see the bridge in the absence of a reflector sign. The tracks of defendant's car were traced on the shoulder of the road, the north track for a distance of 72 feet and the south track for 34 feet 6 inches. The accident occurred about 10:30 p. m. on a dark night. Officer Livingston testified that defendant told him that some time after he got off work about six o'clock decedent and he had some drinks. Another officer stated that when removing defendant from the car he detected the odor of alcohol. Defendant's automobile was badly smashed.

Driving in reckless disregard of the safety of others means driving in a manner that creates an unreasonable risk of bodily harm to another and involves a high degree of probability that such will be the result. The driver to be reckless should as an ordinarily prudent man recognize that his conduct involves a risk substantially greater than that which is necessary to constitute ordinary negligence. Restatement of Torts, section 500; Womack v. Preach, 63 Ariz. 390, 163 P.2d 280; Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816. Our statute defines reckless driving as wilful or wanton disregard for the safety of others. Section 66–157, 1952 Supp., A.C.A.1939 (now A.R.S. 1956, section 28–693). South Carolina has the same statute as ours and in a very thorough analysis of what constitutes driving in reckless disregard of the safety of others its supreme court said:

"The word 'reckless,' as used in the statute, has a clear, and commonly understood meaning, so that one of ordinary intelligence is not left in doubt as to its meaning or purport. The statute, Code Sec. 1616, sub-section 29(a), provides for criminal liability when the homicide is caused by a reckless disregard of the safety of others, meaning thereby something more than the mere failure to exercise due care.

"As a general rule, what constitutes reckless driving is to be determined from all the surrounding circumstances where the statute does not specifically

declare what particular acts shall comprise the offense. What constitutes reckless driving under some conditions may not be such under other conditions. As a general rule, something more than mere negligence in the operation of a motor vehicle is necessary to constitute the offense of reckless driving. Generally, the offense denotes operation of a vehicle under such circumstances, and in such manner, as to show a wilful or reckless disregard of consequences." State v. Rachels, 218 S.C. 1, 61 S.E.2d 249, 252.

Many cases are cited wherein the courts have said the circumstances amount to merely ordinary negligence, but these are not controlling. The matter must be tested by the particular circumstances of each case. Sometimes it involves a close question but we believe that one driving on a dark night after it had recently been raining, over a rough, bumpy road, passing traffic at 70 or 80 miles per hour in a 35-mile zone, running a red traffic light within two blocks of the accident and seen approaching a bridge off the main-traveled portion of the highway could by the jury be placed in the category of one driving in reckless indifference to the consequences of his conduct. The court did not err in denying defendant's motion for verdict of acquittal.

■ Defendant objects to the court having admitted in evidence testimony concerning defendant's statement that some time prior to the accident he and the decedent had some drinks and concerning the odor of alcohol when extricating defendant from the wreck. In connection with other evidence, this character of testimony is generally admissible on the issue of negligence. 61 C.J.S., Motor Vehicles, § 516(b)(2), p. 250. The rule is stated in Washington in Paddock v. Tone, 25 Wash.2d 490, 172 P.2d 481, 487, as follows:

"While there is no evidence that respondent was under the influence of intoxicating liquor, testimony of witnesses to the effect that the odor of liquor was upon him, if believed by the jury could be considered by them in connection with the question of what was a reasonable speed for him to be driving his car under the circumstances."

■ Charles Allen, employed by the city of Phoenix in the division of traffic engineers, was allowed to testify that he was at the scene of the accident about 8:00 o'clock the following morning and described the condition of the reflector sign. He illustrated on the blackboard how the sign appeared to be damaged and it is rather difficult to interpret all his testimony but he did say that the front of the sign was bent and the face was pinched or bent about one and one-half inches in the middle, and the only part that was damaged was around the bolt holes (apparently

meaning where bolted onto the post). There was no error in permitting the witness to describe the physical condition of the sign as he observed it after the accident. There was evidence that it was lying as it was immediately after the accident.

■ Defendant submitted evidence that early in the evening of the accident the sign had been turned facing south instead of west towards the oncoming traffic. The county attorney in his argument to the jury suggested that it was facing west. This is claimed as reversible error. We think the jury might infer from the nature of the damage to the sign on its front or face that it was facing to the west. An exhibit in evidence showing a photograph of the sign immediately after the accident shows no evidence of its having been struck on the edge or side. Our view is there was no prejudicial error resulting from the prosecutor's remark.

■ Complaint is made concerning the admission of certain exhibits. This matter is admittedly presented for the first time in this court and we will not consider it.

We are of the view that the defendant had a fair trial without prejudicial error.

Judgment affirmed.

UDALL, C. J., and PHELPS, STRUCK-MEYER and LA PRADE, JJ., concur.