522 P.2d 1079

**STATE of Arizona, Appellant,**

v.

**Carlos Manuel JARAMILLO, Appellee.**

**No. 2788.**

Supreme Court of Arizona,
In Division.

June 5, 1974.

Rehearing Denied July 9, 1974.

Gary K. Nelson, Atty. Gen., Moise Berger, Maricopa County Atty. by Roger A. McKee, Deputy County Atty., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellee.

STRUCKMEYER, Justice.

Appellee, Carlos Manuel Jaramillo, was charged with and convicted by a jury with offering to sell heroin in violation of A.R.S. § 36–1002.02. The court below granted appellee's motion for a new trial and the State of Arizona appeals.

The following facts are decisive of this appeal. On June 26, 1972, an undercover agent for the Phoenix Police Department assigned to the Federal Drug Abuse Law Enforcement task force, told appellee that he was interested in purchasing a large amount of heroin. After some preliminary discussion, it was agreed that appellee would sell the undercover agent one-half ounce of high quality heroin for $300.00. The undercover agent gave appellee $250.-00 and appellee was to receive the balance of $50.00 when the one-half ounce was delivered. Appellee made a phone call in the presence of the undercover agent and then left, ostensibly to obtain the heroin. He never returned nor delivered the heroin to the undercover agent as he had agreed when he received the $250.00.

At appellee's trial on the charge of offering to sell heroin, evidence was received without objection that appellee on May 11, 1972 had participated in a sale to the same undercover agent of four papers of heroin. Appellee was later charged with the crime of sale of heroin for his involvement in this incident, but had not at the time of

trial on the charge of offering to sell heroin been convicted of the sale of the four papers. Although subsequently convicted. State v. Jaramillo, 110 Ariz. 481, 520 P.2d 1105 (1974). The trial court, prior to instructing the jury, ruled that the evidence of the May 11, 1972 sale was admissible only to show that the appellee's intent on June 26, 1972 was to sell heroin rather than a species of fraud on the undercover agent.

In his opening argument, the deputy county attorney stated to the jury:

"* * * the state's position in this case is that the evidence shows clearly he was a heroin dealer, he was a regular trafficker in the Tempe area."

Appellee assigned this as error in his motion for a new trial, urging that the argument was prejudicial misconduct. The trial court granted the motion for a new trial solely for this reason. From the order granting the motion for a new trial pursuant to Arizona Rules of Criminal Procedure, Rule 313, 17 A.R.S., the State has appealed.

It was the trial court's position that the issue of appellee's specific intent to sell heroin was critical to a proper evaluation of the facts by the jury, but that the evidence of the other alleged sales should be limited in their probative force to the question of the appellee's state of mind at the time he offered to sell the one-half ounce of high quality heroin. It took the position that the evidence of the asserted sale of the four papers of heroin could not be used to establish that appellee was a "dealer" and "regular trafficker" in heroin.

The sole question presented, therefore, is whether it was prejudicial misconduct for the assistant prosecuting attorney in his argument to the jury to draw an inference that appellee was a regular trafficker in heroin.

It is the general rule, long established in this State, that evidence which shows that a defendant had or may have committed other crimes is prejudicial and usually inadmissible. State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967); State v.

Curry, 97 Ariz. 191, 398 P.2d 899 (1965); State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960); State v. Thomas, 71 Ariz. 423, 229 P.2d 246 (1951); State v. Serna, 69 Ariz. 181, 211 P.2d 455 (1949), appeal dismissed and cert. denied 339 U.S. 973, 70 S.Ct. 1031, 94 L.Ed. 1380 (1950); State v. Martinez, 67 Ariz. 389, 198 P.2d 115 (1948); Dorsey v. State, 25 Ariz. 139, 213 P. 1011 (1923). The danger to be avoided by excluding evidence of other offenses is that otherwise the jury may conclude that defendant is a "bad man" and convict on lesser evidence than might ordinarily be necessary to support a conviction. State v. Deschamps, 105 Ariz. 530, 468 P.2d 383 (1970).

However, while the prosecution may not as a general rule offer evidence of other unrelated criminal acts, the exceptions are that it may do so where the proof of one offense tends to establish the other by showing motive, intent, absence or mistake or a common scheme, plan or design. State v. Washington, 103 Ariz. 605, 447 P. 2d 863 (1968); State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967); State v. Hunt, 91 Ariz. 145, 370 P.2d 640 (1962). And it is a common principle that evidence of another crime is admissible when it tends to establish that the offenses are so related to one another that proof of one tends to establish the other. State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971); State v. Parker, 106 Ariz. 54, 470 P.2d 461 (1970); State v. Turner, 104 Ariz. 469, 455 P.2d 443 (1969); State v. Phillips, supra; State v. Hughes, supra; State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966).

The principle is well stated in State v. Martinez, supra, 67 Ariz. at 392, 198 P.2d at 116–117:

"The well-established principle of law to the effect that evidence of the commission by accused of other offenses entirely distinct and independent of that for which he is on trial is neither relevant nor admissible is the accepted rule in this jurisdiction. * * * Equally recognized in this state is the best known

4

exception to this rule, to wit, that where the evidence of similar offenses tends to show a system, plan or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other, such evidence then becomes both relevant and admissible." [Citations omitted]

In view of this principle, we think the court below erroneously limited the proof of the sale of the four heroin papers to establishing intent. It was also admissible to show the design of the appellee to sell narcotics. From the offenses of the sale of heroin and the offer to sell heroin, the jury could conclude that the defendant was a "trafficker" in narcotics. We therefore find no error in the State's argument to the jury.

The order granting appellee's motion for a new trial is reversed with directions to reinstate the judgment of conviction and for such further proceedings as are consistent herewith.

HAYS, C. J., and HOLOHAN, J., concur.