553 P.2d 235
**STATE of Arizona, Appellee,**
v.
**Kenneth Wayne WILSON, Appellant.**
No. 3466.

Supreme Court of Arizona,
In Banc.
July 15, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel, Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant was convicted by a jury of two counts of vehicular manslaughter, in violation of A.R.S. § 13-456(A)(3)(a), and

was sentenced to three to five years imprisonment. He appeals.

He urges that there is not sufficient evidence to sustain the conviction. In testing the evidence, the rule to which we adhere is that only where there is a complete absence of a probative fact necessary to support the judgment or where the jury's verdict is not supported by substantial evidence in the case is it proper to reverse for insufficient evidence. *State v. Gaines,* 113 Ariz. 206, 549 P.2d 574 (1976).

The evidence, viewed in the light most favorable to sustaining the conviction, *State v. Moore,* 111 Ariz. 496, 533 P.2d 663 (1975), establishes that on July 31, 1973 appellant was driving a tractor and semi-trailer for the Brisson Trucking Company. The trailer was loaded with twenty tons of watermelons which were packed in heavy cardboard containers placed one on top of the other, with wooden skids between the layers. The containers were centered in the trailer so that space was left between them and the sides of the trailer. No chains or ropes tied the containers down; their weight was relied on to keep them in place. The center of gravity within the load was high, but would have been lower had the containers been spread throughout the van. Appellant was aware of the method of packing and that there was space between the containers and the sides of the trailer.

Appellant was proceeding north on 27th Avenue in Phoenix, Arizona and was making a right hand turn from 27th Avenue onto Thomas Road. As he crossed a set of railroad tracks just south of a point where 27th Avenue meets Grand Avenue, the trailer began to sway. He attempted to complete the turn, but the trailer and cab fell on its left side, crushing an automobile westbound on Thomas Road. Two passengers in the automobile, James and Stephen Larkin, were killed.

Several facts contributed significantly to the verdict of guilty. First, scuff marks from the left wheels extended on 27th Avenue from a point where it intersects Grand Avenue in a curve to the point where the trailer came to rest. The scuff marks are described in the evidence as coming from the turning movement of the trailer without braking. Second, appellant was given a breathalyzer test to determine his state of sobriety. By statute, A.R.S. § 28–692 (B)(3), a reading of .10 percent or more by weight of alcohol in the defendant's blood creates a presumption of intoxication. Appellant's reading was .20 percent.

By statute A.R.S. § 13–456(A)(3)(a) and (B), adopted in 1957:

"A. Manslaughter is of three kinds:

\* \* \* \* \* \*

3. In the driving of a vehicle:

·(a) In the commission of an unlawful act, not amounting to felony, with gross negligence; or in the commission of a lawful act which might produce death in an unlawful manner, and with gross negligence.

\* \* \* \* \* \*

B. This section shall not be construed as making any homicide in the driving of a vehicle punishable which is not a proximate result of the commission of an unlawful act, not amounting to felony, or of the commission of a lawful act which might produce death in an unlawful manner."

Arizona's statute was adopted from California, *see* West, California Penal Code § 192 (1970). The California Supreme Court construed "gross negligence" in this manner prior to its adoption in Arizona:

" 'Gross negligence has been repeatedly defined in the California cases as "the want of slight diligence," "an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others," and "that want of care which would raise a presumption of the conscious indifference to consequences." ' " *People v. Costa,* 40 Cal.2d 160, 252 P.2d 1, 5 (1953).

**310**

*See also, People v. Shearer,* 9 Cal.App.3d 74, 87 Cal. Rptr. 811 (1970); *People v. Madison,* 242 Cal.App.2d 820, 51 Cal.Rptr. 851 (1966); *People v. Pfeffer,* 224 Cal. App.2d 578, 36 Cal.Rptr. 838 (1964); cf. *State v. Sorensen,* 104 Ariz. 503, 455 P.2d 981 (1969); *State v. Burgess,* 82 Ariz. 200, 310 P.2d 822 (1957); *State v. Chekmizoff,* 82 Ariz. 176, 309 P.2d 796 (1957); *State v. Morf,* 80 Ariz. 220, 295 P.2d 842 (1956). We presume that the Arizona Legislature intended to adopt the California construction at the time § 13–456 was added to the Arizona statutes.

■ Evidence that appellant knew of the manner in which his cargo was loaded, that he made the turn too fast, and that he was driving while intoxicated was sufficient for the jury to find that he was exercising so slight a degree of care as to justify the belief that he was indifferent to the welfare of others and, hence, guilty of gross negligence.

■ Appellant also argues he was denied a fair trial because: (1) the prosecutor asked questions that assumed facts not in evidence; (2) the prosecutor introduced irrelevant evidence; (3) the State's expert witness gave an opinion not based on the evidence; and (4) the trial court erred in giving an instruction on reasonable and prudent speed. Of the specified matters, only two were objected to by appellant at the trial level. Failure to object to questions, evidence, testimony, arguments, and instructions waives these matters on appeal. *State v. Ceja,* 113 Ariz. 39, 546 P.

2d 6 (1976); *State v. Owens,* 112 Ariz. 223, 540 P.2d 695 (1975); *State v. Tostado,* 111 Ariz. 98, 523 P.2d 795 (1974); *American Honda Motor Co., Inc. v. Smith,* 110 Ariz. 593, 521 P.2d 1139 (1974); *State v. Coward,* 108 Ariz. 270, 496 P.2d 131 (1972); Rule 21.3(c), Arizona Rules of Criminal Procedure, 17 A.R.S.

■ One of the incidents to which appellant did object involved a question put to appellant's expert witness, Sheriff Paul Blubaum, about who was managing the sheriff's office while he testified at the trial. This is of such minor importance, and since the objection was promptly sustained we do not consider that it was prejudicial.

■ The other matter to which appellant objected concerned questions asked of appellant by the prosecutor to explain appellant's poor performance on visual tests for sobriety and about a police officer's opinion that appellant was unfit to drive an automobile. Since there was evidence that appellant did poorly on some of the visual tests and that Officer Truter of the Phoenix Police Department had voiced an opinion that appellant was not fit to drive, we do not think the questions were prejudicial. Moreover, the trial court sustained appellant's objections to these questions. Under such circumstances, we find no error.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN, and GORDON, JJ., concur.