612 P.2d 54

**The STATE of Arizona, Appellee,**

v.

**Clarence Edward THOMPSON, Appellant.**

**No. 4892.**

Supreme Court of Arizona, In Banc.

May 14, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Jessica L. Gifford, Asst. Attys. Gen., Phoenix, for appellee.

Schmal & Wollschlager, P. A. by Gary G. Wollschlager, Phoenix, for appellant.

CAMERON, Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of burglary in the daytime, A.R.S. §§ 13–301, –302,[1] with prior conviction, A.R.S. § 13–1649, and a sentence of seven to nine years to run consecutively with a sentence imposed in another case. We take jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Although defendant raised two issues on appeal, we believe that the answer to one will be dispositive of this case: Was the reference to a watch not among the stolen items erroneous and prejudicial?

The facts necessary for a determination of this matter are as follows. During the noon hour on 30 November 1977, the victim and two of her daughters returned to find that someone had broken into their home. Upon inspection, they discovered that certain items of jewelry had been taken. While outside the house waiting for the police, they noticed an individual, later determined to be the defendant, standing near their property which was next to the Villa Del Sol Institute, a drug rehabilitation center. After a few minutes the defendant left. He was wearing a pink shirt and red shoes. One of the daughters decided to follow the defendant in her automobile. After driving around the neighborhood, she observed the defendant standing in front of the La Casita Restaurant. After the police arrived, the defendant was pointed out to them and they asked him to come over to the patrol car. The defendant looked, pointed to himself and said, "Who me?" He

---

1. Title 13 citations in this opinion are to the Arizona Criminal Code as it existed prior to its extensive revision effective 1 October 1978.

then walked into the restaurant and after a moment walked out again and was arrested.

The police went into the cafe and found items of jewelry on the floor near the cigarette machine. This jewelry was later identified as having been taken in the burglary. The defendant was also identified by the victims as the one who had been standing near the house. A small jewel box in the victims' house contained a latent thumbprint later identified as belonging to the defendant. The testimony is not clear whether this box remained in the house after the burglary or whether it was ever outside in the yard as defendant suggested.

At trial the defendant testified that he was on his way to the drug rehabilitation center when he saw a white powder box beside the sidewalk. He picked it up, looked in it, and threw it down. At the center, upon being advised of a fifteen minute wait, he went outside to urinate in the shrubbery next to the victims' house and then went to La Casita where he ordered a burro. He was standing outside the cafe when the police arrived. Defendant was convicted by a jury and appeals.

On direct examination, the victim testified as to a silver Timex watch as follows:

"Q (By Prosecutor): I would like to show you an exhibit and ask if you have ever seen it before?

"A (By Carlota Topete): I think so.

"Q What is there about that that makes you think you have seen it before?

"A I don't really remember. My son lost one some time back and my husband also."

On cross-examination she testified:

"Q What items did you report stolen to the police?

"A This bracelet, a wedding band of my husband's, and the necklace, the bedroom being all messed up.

"Q One of the items before you is a silver Timex watch with a relatively large face; did you report that item stolen?

"A I don't remember that, but I did report my watch.

"Q What you reported was a gold Bulova watch with a small face; isn't that correct?

"A Yes.

"Q Have you ever seen that silver Timex that is before you today?

"A You mean the watch?

"Q Si—yes.

"A No, I hadn't seen it.

"Q If you have never seen that silver watch in front of you, I imagine that it is safe to say that it was not in your dresser drawer or your powder box; is that correct?

"A That watch was not in my drawer."

Later, on direct examination, Detective Tom Stout of the Phoenix Police Department testified, after identifying the items found by the cigarette machine in the cafe:

"Q Now, additionally, item number 1A, can you identify that?

"A This is the watch which I found in the back seat of my patrol car, after taking the defendant to the main police station.

"Q What procedure do you follow with respect to examining a patrol car before you go on duty?

"A At the beginning of each shift it is all thoroughly checked, underneath the seats and behind and underneath the back seat.

"Q Was there any such item as that watch in that vehicle before you placed the defendant in custody?

"MR. WOLLSCHLAGER: Objection to the relevancy of this line of questioning. Witnesses have previously in this case indicated that this watch was not their property or taken from their particular house in this alleged burglary. Therefore, this total line of questioning relating to that watch being found in the police car is irrelevant.

"THE COURT: Overruled."

Defendant contends on appeal that reference to the watch was prejudicial. We agree.

"It is the general rule, long established in this State, that evidence which shows that a defendant had or may have committed other crimes is prejudicial and usually inadmissible. (citations omitted) The danger "to be avoided by excluding evidence of other offenses is that otherwise the jury may conclude that defendant is a 'bad man' and convict on lesser evidence than might ordinarily be necessary to support a conviction. (citation omitted)" *State v. Jaramillo*, 111 Ariz. 2, 3, 522 P.2d 1079, 1080 (1974).

In the instant case, the watch was not shown to have been taken in the burglary. Its presence could only imply that for some reason the defendant was trying to secrete the watch and that it, in all probability, was evidence of another crime. It did not show "motive, intent, absence or mistake or a common scheme, plan or design," *Jaramillo*, supra, 111 Ariz. at 3, 522 P.2d at 1080, and therefore was not an exception to the general rule of nonadmissibility of non-related criminal acts. It could only be prejudicial to the jury.

The State contends, however, that this was invited error because "defense counsel created this inference by his cross-examination and comments." We do not agree. Our reading of the transcript indicates that the State first asked the victim about the watch on direct examination and that by cross-examination the defendant established that the watch did not belong to her. It was after this testimony, testimony that indicated that the watch was not taken in the burglary, that the State proceeded to introduce evidence that the watch was found in the police car. We do not believe that this error was "created" by defendant as the State suggests. The error was created by the State and to the prejudice of the defendant.

The State further contends that the error, if it was error, was harmless error beyond a reasonable doubt pursuant to *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We do not agree. The evidence of guilt in this case was not overwhelming. The defendant was seen next to the house. The jewels were found in the cafe where he had been. The thumbprint on the box, if defendant is to be believed, can be explained away. The inference that defendant may have committed other crimes could have tipped the scales against the defendant and caused the jury to convict on "lesser evidence than might ordinarily be necessary to support a conviction." *Jaramillo*, supra, 111 Ariz. at 3, 522 P.2d at 1080.

Reversed and remanded for new trial.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.