634 P.2d 576

**STATE of Arizona, Appellee,**

v.

**Melvin Lee CLOW, Appellant.**

**No. 5243.**

Supreme Court of Arizona,
In Banc.

Sept. 23, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Frank Dawley, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

The defendant was found guilty by a jury of the crime of sexual abuse in violation of A.R.S. § 13–1404, was sentenced to a prison term of 2.5 years, and appeals. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The issues we must decide are:

1. Whether the evidence was sufficient to support the conviction, and

2. Whether a witness's reference during his trial testimony to the "protective custody" of the defendant's wife was reversible error.

The facts necessary for a determination of this matter on appeal are as follows. On

29 October 1978, the defendant came into his adopted daughter's bedroom about four or five a. m., climbed into her bed and fondled her breasts and vagina. The victim stated that she was asleep when the defendant came into the room, but awoke when he climbed into the bed, and that the defendant had engaged in similar acts with her on at least three occasions without her consent. The victim was in the eighth grade at the time of the alleged offense.

The defendant's wife, Yen Clow, entered the room and turned on the lights. She contacted the police department and was questioned by two officers later the same day. The following day the daughter was questioned at her school by the police. She was emotionally upset at the time and did not give much information about the incident with her father. She was removed from her home and placed in a Child Protective Service Facility. Later the victim related that the defendant had touched various parts of her body during the early morning hours on 29 October 1978.

On 7 April 1980, the defendant was indicted for engaging in sexual contact with his adopted daughter without her consent. At trial, defendant testified that he did not engage in sexual contact with his daughter at any time. Defense counsel made a motion for a directed verdict of acquittal at the close of both the State's and defendant's case.

## SUFFICIENCY OF THE EVIDENCE

■ The defendant asserts that the evidence was insufficient to support his conviction for sexual abuse and therefore the trial court erred in denying his motion for a directed verdict of acquittal. The sexual abuse statute under which the defendant was convicted, A.R.S. § 13–1404, provides as follows:

"A. A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person not his or her spouse without consent of that person or with any person who is under fifteen years of age and who is not his or her spouse."

The State did not allege that the victim was under fifteen years of age and was therefore required to prove that the victim did not consent to sexual contact.

"Without consent" is defined in A.R.S. § 13–1401 as follows:

"5. 'Without consent' means any of the following:

"(a) The victim is coerced by the immediate use or threatened use of force against a person or property.

"(b) The victim is incapable of consent by reason of mental disorder, drugs, alcohol, sleep or any other similar impairment of cognition and such condition is known or should have reasonably been known to the defendant.

"(c) The victim is intentionally deceived as to the nature of the act.

"(d) The victim is intentionally deceived to erroneously believe that the person is the victim's spouse."

The State relied upon subsection 5(b) that the defendant's daughter was asleep just prior to the acts committed by the defendant and therefore was incapable of giving consent.

The court instructed the jury that:

"Without consent, as used in these instructions, means the victim is incapable of consent by reason of being asleep and such condition is known or should have reasonably been known to the defendant."

■ Rule 20 of the Rules of Criminal Procedure, 17 A.R.S., provides that a judgment of acquittal shall be entered if there is "no substantial evidence to warrant a conviction." The test utilized to determine insufficiency of evidence on appeal is whether there is substantial evidence to support a guilty verdict. *State v. Scott*, 113 Ariz. 423, 555 P.2d 1117 (1976); *State v. Wilson*, 113 Ariz. 308, 553 P.2d 235 (1976). We recently re-examined this standard in light of the United States Supreme Court decision of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which used the test of whether a rational trier of fact could have found the defendant guilty beyond a

reasonable doubt. The Arizona standard, which we found to be consistent with the constitutional mandate of *Jackson*, supra, is to determine whether there exists substantial evidence from the entire record from which a rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Tison*, 129 Ariz. 546, 633 P.2d 355 (1981); *State v. Schad*, 129 Ariz. 557, 633 P.2d 366 (1981).

■ In the present case, the victim testified that she was sleeping, was not aware that the defendant was in her bedroom until he was on her bed, that the incident lasted about two minutes, and that she did not consent to the sexual contact. Both Chief Happersett and Rosa Cortez who questioned the victim testified that she was extremely upset about the actions of her father.

The defendant asserts that the daughter was awake when the sexual abuse took place and therefore cannot satisfy the "without consent" element required by A.R.S. § 13–1401(5)(B). We do not agree. We find that there was substantial evidence to support the conviction, and that the jury could find that a person who has been sleeping and who is unexpectedly awakened may not be fully conscious or able to think clearly so as to be capable of forming consent. *State v. Jones*, 125 Ariz. 417, 610 P.2d 51; *State v. Roberts*, 126 Ariz. 92, 612 P.2d 1055 (1980); *State v. Scott*, supra. The motion for judgment of acquittal was properly denied.

### PREJUDICIAL COMMENT

The defendant's wife, Yen Clow, found the defendant in bed with his daughter. After telephoning Police Chief Happersett, she arranged to meet with him later in the day. When she went to the Happersett home for the meeting, she had her belongings with her and moved into the Happersett residence for a few days. The court precluded Yen Clow from testifying pursuant to the anti-marital fact privilege. A.R.S. § 13–4062(1). Happersett did testify about Yen Clow's actions on the day of the offense:

"Q What happened to Yen at this point in time? Where was Yen?

"A [Happersett]: She was staying at our house under protective custody. She was there for four or five days.

"MR. PRATO: I object to the reference to protective custody. And I request it be stricken.

"THE COURT: Sustained. It is Ordered Striking the answer.

Ladies and gentlemen of the jury, you are instructed to disregard his answer.

"Q BY MR. SIMON: What happened to Yen, to the best of your knowledge?

\* \* \* \* \* \*

"Q Was this at her request that she stayed at your house?

"A Yes, it was. We didn't ask her to stay there. She came with all her bags and baggage in the beginning."

The defendant contends that the words "protective custody" unfairly prejudiced his trial because the term implied to the jury that Yen Clow had reason to fear her husband and therefore had to be placed in protective custody.

Evidence of other bad acts of the defendant is generally prejudicial and inadmissible, *State v. Thompson*, 126 Ariz. 3, 612 P.2d 54 (1980); Rule 404(b), Rules of Evidence, 17A A.R.S. We do not find, however, that the reference to "protective custody" necessarily implicated the defendant in additional bad acts, and there was no evidence that the defendant ever threatened his wife or gave her reason to fear him.

■ The test for reversible error is whether there is a reasonable probability that had the asserted error not been committed, the verdict would have been different. *State v. Padilla*, 122 Ariz. 378, 595 P.2d 170 (1979); *State v. Williams*, 107 Ariz. 262, 485 P.2d 832 (1971). The trial court sustained the defendant's objection to the comment and admonished the jury to disregard it. This is generally sufficient to cure the prejudicial impact of evidence unless it is highly damaging or the instruction from the court is clearly inadequate. See *United States v. Berry*, 627 F.2d 193 (9th Cir.1980).

We believe the jury was clearly instructed to disregard the comment by Happersett,

**128**

and that in light of the other evidence presented through the testimony of the various witnesses, including the defendant, the verdict would not have changed absent the reference to "protective custody." *State v. Padilla*, supra; *State v. Williams*, supra.

Affirmed.

STRUCKMEYER, C.J., HOLOHAN, V.C.J., and HAYS and GORDON, JJ., concur.