NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WAYNE RANDAL ENGRAM, *Petitioner/Appellant*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS, et al.,
*Respondents/Appellees*.

No. 1 CA-CV 20-0670
FILED 11-9-2021

Appeal from the Superior Court in Maricopa County
No.  LC 2020-000073-001
The Honorable David J. Palmer, Judge

**AFFIRMED**

APPEARANCES

Wayne Randal Engram, Phoenix
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Katherine H. Jessen, Michael S. Catlett
*Counsel for Respondents/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1 Wayne R. Engram ("Engram") challenges the superior court's order granting Arizona Department of Corrections Director David Shinn's ("ADOC") motion to dismiss Engram's petition for statutory special action. For the following reasons, we affirm.

**BACKGROUND**

¶2 In 2018, Engram pled guilty to one count of possession or use of a narcotic drug, a class four felony. He was sentenced to three years' imprisonment beginning on December 20, 2018, with 45 days of presentence incarceration credit. Sometime in early 2021, Engram was released early from prison to begin his term of community supervision.

¶3 In 2019, while Engram was still in custody, the legislature changed the law so that eligible prisoners would acquire earned release credit of "*three* days for every seven days served" instead of "*one* day for every six days served." A.R.S. § 41-1604.07 (emphasis added). As relevant here, the earned release credit applies only if the prisoner "[h]as not been previously convicted of a violent or aggravated felony as defined in § 13-706." A.R.S. § 41-1604.07(B)(1)(a), (c).

¶4 Engram petitioned for post-conviction relief ("PCR") in September 2019, alleging he was entitled to an early release credit of three days for every seven days served pursuant to § 41-1604.07, as amended. He requested that the superior court order ADOC to grant him an early release date. The court denied his petition, and his subsequent challenge in this court was unsuccessful. *State v. Engram*, No. 1 CA-CR 20-0221-PRPC, 2020 WL 5566087, ¶¶ 1, 3 (App. Sept. 17, 2020) (mem. decision). In February 2020, Engram filed a petition for special action in the superior court. He again alleged he was eligible for the earned release credit, requesting that the court order ADOC to grant him an early release date.

¶5 ADOC moved to dismiss the petition, asserting that it was precluded by Engram's still pending PCR appeal, and that he failed to state

a claim upon which relief could be granted. The superior court granted the motion, finding it was "an impermissible collateral attack on the conviction and resulting sentence," and that such a challenge is only proper when pursued through a PCR.

¶6         Engram timely appealed in November 2020. Because Engram was released from prison in early 2021, ADOC moved to dismiss the appeal as moot. This court denied the motion "without prejudice to [ADOC] raising arguments made in the motion in the answering brief." ADOC filed its answering brief and again raised mootness. ADOC also (1) argued Engram's petition is precluded by claim preclusion, and (2) the superior court did not abuse its discretion when it dismissed the petition.

## DISCUSSION

¶7         An appeal is considered moot when "as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties." *Vinson v. Marton & Assoc.*, 159 Ariz. 1, 4 (App. 1988). The determination of whether an appeal is moot is "a matter of prudential or judicial restraint subject to the exercise of our discretion." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012).

¶8         Engram argues the superior court erred in dismissing his petition. He contends that ADOC did not have authority to consider his 1984 manslaughter conviction, a class three felony, to determine his eligibility for the earned release credit. As in the superior court, he asks us to "make [him] eligible" for the earned release credit under § 41-1604.07(B).

¶9         Engram's appeal, however, is moot. When a prisoner reaches his earned release date (or the expiration of his sentence), he is released to begin his term of community supervision. A.R.S. § 41-1604.07(E). This is what occurred here. Engram was released from prison to begin his term of community supervision—the relief requested in his special action petition—in early 2021. Any action by this court would have no effect on Engram's release or ADOC's determination of his eligibility for the earned release credit. It is "impossible to negate a sentence" from which Engram has already been released. *Scheerer v. Munger*, 230 Ariz. 137, 140, ¶ 8 (App. 2012).

¶10         Because Engram's appeal is moot, we do not address his additional arguments that (1) prisoners seeking eligibility for earned release credit should be entitled to some form of due process if they are denied these arguments, or that (2) § 41-1604.07 is ambiguous, is an ex post facto law, and constitutes a form of double jeopardy. *See State v. Gastelo*, 111 Ariz.

459, 461 (1975) ("We are not obliged to consider moot questions or abstract propositions.").

## CONCLUSION

**¶11** We affirm the superior court's order dismissing Engram's special action petition.

