NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JORGE HERRERA SANTANA, *Appellant.*

No. 1 CA-CR 24-0065
FILED 12-19-2024

Appeal from the Superior Court in Maricopa County
No. CR2023-007165-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Celeste Kinney
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

_____

**F U R U Y A**, Judge:

**¶1** Jorge Herrera Santana appeals his convictions and sentences for sexual conduct with a minor, arguing the superior court erred when it admitted Santana's prior convictions as other-act evidence, permitted a multilingual juror to remain on the jury, and denied Santana's request for a mistrial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Santana sexually abused his stepdaughter, Ava[1], his biological daughter, Bethany, and his niece, Cynthia, throughout their respective childhoods, a period spanning more than a decade. He threatened each of them to prevent them from disclosing the abuse. Santana was convicted of one instance of this abuse in 1999, after Cynthia's mother witnessed and reported an incident of Cynthia's abuse.

**¶3** After Ava later reported Santana's abuse to law enforcement, an investigation resulted in Santana's arrest and charging with multiple crimes related to Ava's and Bethany's abuse. After trial, the jury convicted Santana on six counts of sexual conduct with a minor and two counts of molestation of a child. The jury also found Ava was under 12 years of age, Santana was in a position of trust, that Ava and Bethany suffered physical, emotional, or financial harm, and that Santana was on probation at the time of the offenses. The court sentenced Santana to life with the possibility of release after 35 years for the first four counts, a maximum term of imprisonment of 18.5 years for the next two counts, and maximum terms of imprisonment of 24 years for the last two counts, with all counts running consecutively.

_____

[1] Pursuant to Rule 31.10(f) of the Arizona Rules of Criminal Procedure, we use pseudonyms to protect the victims' identities.

**¶4**        Santana timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**I.        The Court Acted Within Its Discretion When It Admitted Santana's Prior Conviction as Other-Act Evidence.**

**¶5**        Rule 404(c) limits admission of other-act evidence to those circumstances where the "evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice . . . mentioned in Rule 403." Ariz. R. Evid. 404(c)(1)(C). To be successful, challenges to Rule 404(c) evidence must be based on more than the evidence's being adverse to the party opposing its admission. "Adverse evidence is not necessarily unfairly prejudicial [] because relevant and material evidence will almost always be harmful to an opponent." *State v. Strong*, 130 Ariz. Cases Dig. 29, 47 ¶ 123 (2024). Rather, our supreme court has clarified that unfair prejudice in this context "means an undue tendency to suggest decisions on an improper basis, such as emotion, sympathy, or horror." *State v. Schurz*, 176 Ariz. 46, 52 (1993) (cleaned up). Further, "[b]ecause the trial court is in the best position to balance the probative value of the challenged evidence against its potential for unfair prejudice, it has broad discretion to make that determination." *State v. Togar*, 248 Ariz. 567, 574 ¶ 23 (App. 2020) (internal quotation omitted). We review only for an abuse of that broad discretion. *State v. Rix*, 256 Ariz. 125, 131 ¶ 17 (App. 2023).

**¶6**        Santana argues the court erred when it admitted evidence of Santana's prior conviction as Rule 404(c) evidence alongside Cynthia's testimony because its probative value was substantially outweighed by the danger of unfair prejudice. We disagree.

**¶7**        Before admitting this other-act evidence, the court made three findings: (1) there was clear and convincing evidence that shows the defendant committed the other act; (2) "[t]he commission of the act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charges"; and (3) the probative value of the other act is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, and other factors listed in Rule 403. Ariz. R. Evid. 404(c)(1)(A)–(C); *State v. Yonkman*, 233 Ariz. 369, 373 ¶ 11 (App. 2013). The record supports the court's findings. The State submitted evidence of the prior acts, including Cynthia's testimony of Santana's prior abuse and the investigation into that abuse. It did not

inform the jury about the felony conviction Santana received in 1999, only the evidence the prosecution needed to demonstrate the nature of the offense in connection with Cynthia's testimony to provide evidence of Santana's aberrant sexual propensity. *See Romley v. Galanti*, 195 Ariz. 9, 12 ¶ 15 (1999); *Old Chief v. United States*, 519 U.S. 172, 174–77 (1997). The other-act evidence here was shown to be very probative and was narrowly presented to reduce prejudice. And nothing in the record establishes that its presentation threatened any "undue tendency to suggest decisions on an improper basis, such as emotion, sympathy, or horror." *Schurz*, 176 Ariz. at 52.

**¶8**　　　　Moreover, the court instructed the jury to "not consider [the] prior conviction as evidence of guilt of the crime for which [Santana was] now on trial." We presume the jury followed their instructions. *State v. Prince*, 226 Ariz. 516, 537 ¶ 80 (2011). The record contains no evidence the jury misused the other-act evidence. We discern no abuse of discretion.

## II. The Court Correctly Permitted a Fair and Impartial Multilingual Juror to Remain on the Jury.

**¶9**　　　　On appeal of the denial of a request to strike a juror, "[r]eviewing courts defer to the trial judge's perceptions of the juror and question only whether the judge's findings are supported by the record." *State v. Colorado*, 256 Ariz. 97, 100 ¶ 16 (App. 2023) (quoting *State v. Allen*, 253 Ariz. 306, 307 ¶ 47 (2022)). Further, we apply the deferential abuse-of-discretion standard to such issues. *Colorado*, 256 Ariz. at 103 ¶ 23.

**¶10**　　　　Here, Santana argues the court should have struck Juror 7 for cause because she was (1) not fair and impartial, and (2) not English-proficient. But the record shows the court found the juror to be fair and impartial throughout voir dire. The record also shows the court considered Juror 7's English proficiency during voir dire and found she would rely on the provided English translations. After voir dire and listening to Ava's testimony, Juror 7 submitted a written question. Though this question illustrated Juror 7's incomplete command of written English, the court determined that there was no "sense that she doesn't understand in English." And when Santana later expressed further concern regarding Juror 7's English proficiency, the court likened her written question to "a native English speaker, who perhaps is somewhat illiterate and cannot write." Without more, this level of proficiency is not disqualifying. *See* A.R.S. § 21-202(B)(3) (precluding those "not currently capable of *understanding* the English language" from service as jurors (emphasis added)).

¶11  The court's assessments of Juror 7 throughout trial support its findings that Juror 7 was fair, impartial, and sufficiently English-proficient. Therefore, the court did not abuse its discretion.

## III.  The Court Did Not Err When It Denied Santana's Request for a Mistrial and Provided a Curative Instruction to the Jury.

¶12  Santana requested a mistrial after a testifying detective referenced Santana being in custody during his investigation on the charges. Defendants in criminal cases are entitled to a presumption of innocence before conviction. *See Coffin v. United States*, 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary."). Repeated reminders to the jury of a defendant's in-custody status can create an "unacceptable risk" that this presumption will be eroded. *State v. Eddington*, 226 Ariz. 72, 78 ¶ 16 (App. 2010) (citing *Estelle v. Williams*, 425 U.S. 501, 504–05 (1976)). However, where "[t]he trial court sustain[s] the defendant's objection to [a witness's errant] comment and admonishe[s] the jury to disregard it[,] [t]his is generally sufficient to cure the prejudicial impact of evidence unless it is highly damaging or the instruction from the court is clearly inadequate." *State v. Clow*, 130 Ariz. 125, 127 (1981). And because the trial judge is in the best position to assess the impact of a witness's statements on the jury, "[w]e will not overturn [the] trial judge's decision to deny a motion for mistrial unless we find an abuse of discretion." *State v. Dann*, 205 Ariz. 557, 570 ¶ 43, *supplemented*, 206 Ariz. 371 (2003).

¶13  Here, the State concedes, and we agree, the detective's reference to Santana's in-custody status was error. But the remark's context shows it was minimal and not highly damaging. And after the detective's errant statements, the court recessed to admonish the detective to not make further references to Santana's in-custody status and gave an adequate curative instruction to the jury. This was sufficient to cure any prejudicial impact of the detective's remark on Santana's in-custody status. *Clow*, 130 Ariz. at 127.

¶14  Moreover, a mistrial is "the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *Dann*, 205 Ariz. at 570 ¶ 43. Before reaching a mistrial, the court's curative instruction "combined with the overwhelming evidence against [Santana], rendered the error harmless." *Id.* ¶ 46. On this record, no abuse of discretion is evident.

## CONCLUSION

¶15          We affirm Santana's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:       JR